**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JAMES PATRICK O'NEIL,

    Plaintiff,

  v.                                                             Case No. 16-13623

OAKLAND, COUNTY OF, et al.,

    Defendants.
                                                   /

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS**

Plaintiff James Patrick O'Neil seeks to recover for the allegedly wrongful seizure and sale of his firearms by Defendants. The complaint lists four counts: (1) that Defendants violated Plaintiff's Fourteenth Amendment right to procedural due process; (2) common law conversion; (3) statutory conversion; and (4) exemplary damages. (Dkt. # 1.) Before the court is a Motion to Dismiss filed by all Defendants. (Dkt. # 8.) Plaintiff has declined to file any response to the motion.[1] The court has reviewed the motion and the complaint, and finds that a hearing is unnecessary. E.D. LR 7.1(f)(2). The court will dismiss the first count as failing to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) and will decline to exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367(c)(3).

---

[1] Court staff reached out to Plaintiff's counsel to inquire about counsel's failure to file a responsive brief within the twenty-one days allotted by E.D. LR 7.1(e)(1)(B). Counsel stated that a response would be filed the next day, to which court staff replied a stipulation from Defendants allowing for the untimely filing would be necessary. No filing has been forthcoming.

The following factual allegations are assumed to be true for the purposes of this opinion and order. In June of 2014, members of the Oakland County Sheriff's Office executed a search warrant at Defendant's home. (Dkt. #1, Pg. ID 3.) Officers seized five long guns owned by Plaintiff — shotguns and hunting rifles — during the raid, allegedly exceeding the scope of the warrant, which authorized seizure of "[w]eapons, including firearms, and ammunition used or maintained to protect or facilitate illegal narcotics tracking. (*Id.*) Defendant Deputy Jeremy Doty gave the order to seize the guns even though he allegedly "kn[e]w or should have known there was no legal basis" for the seizure. (*Id.* at Pg. ID 4.) Officers also seized 2.2 grams of marijuana and charged Plaintiff's son with possession. (*Id.*) Defendant was charged months later. (*Id.*)

Plaintiff repeatedly called the Sheriff's Office and left voicemails asking for the return of the firearms, but his calls went unreturned. (*Id.*) On the few occasions that officers did answer, those officers — named as John Doe Defendants in this proceeding—told Plaintiff he would have to wait until after he finished probation. (*Id.* at Pg. ID 6.) A letter to Plaintiff dated March 23, 2015 informing him that he had thirty days to claim his property was never received. (*Id.*) Eventually, Plaintiff discovered that the firearms had been sold to a third party gunshop and initiated the present action. (*Id.*)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court views the complaint in the light most favorable to the Plaintiff and accepts all well-pleaded factual allegations as true. *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). The court, however, "need not accept as true legal conclusions or unwarranted factual

inferences." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (quoting *Gregory v. Shelby County,* 220 F.3d 433, 446 (6th Cir. 2000)).

To survive a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Bare allegations are not enough. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not show[n] — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). The court "primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir.1997)).

Plaintiff purports to bring this action under 42 U.S.C. § 1331. However, in the Sixth Circuit, the exclusive means by which aggrieved individuals may sue local government officials for alleged violations of their constitutional rights is section 1983. *See Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989). Although Plaintiff also does not specify whether he is making a substantive or procedural due process claim, Plaintiff's allegations suggest a procedural due process claim. *See EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 855 (6th cir. 2012) (explaining that the procedural component of the Due Process Clause "is

traditionally viewed as the requirement that the government provide a 'fair procedure' when it is depriving someone of . . . property") (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992)). Accordingly, the court will construe the first count as a procedural due process claim brought under section 1983.

To establish a procedural due process claim, Plaintiff must show that (1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 904 (6th Cir. 2014). Defendants acknowledge that, as alleged, Plaintiff's firearms were disposed of in a manner that did not observe the procedural safeguards imposed by Michigan law and that Plaintiff should receive fair compensation. (Dkt. # 8, Pg. ID 38.) However, Defendants argue that dismissal is still appropriate under the *Parratt* doctrine. (*Id.*)

Under the *Parratt* doctrine, "[c]ourts may dismiss a procedural due process claim if the state provides an adequate postdeprivation remedy and (1) the deprivation was unpredictable or 'random'; (2) predeprivation process was impossible or impracticable; and (3) the state actor was not authorized to take the action that deprived the plaintiff of property[.]" *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (per curiam) (citing *Zinermon v. Burch*, 494 U.S. 113, 136-39 (1990)). The doctrine has been applied where a prison negligently lost a prisoner's mail, *Parratt v. Taylor*, 451 U.S. 527, 541 (1981); where a prison guard intentionally destroyed an inmate's property, *Hudson v. Palmer*, 468 U.S. 517, 533 (1984), and where state worker's' compensation officials filed judgments and liens against an employer for unpaid premiums without the prior notice and hearing required by state law, *Daily Servs.*, 756 F.3d at 910.

4

Michigan law provides a variety of adequate postdeprivation remedies. Plaintiff can invoke the ancillary jurisdiction of the state court that handled his criminal case under MCL 780.655(3), bring a replevin proceeding under Mich. Court Rule 3.105, or bring a civil tort remedy under MCL 600.2920. With this requirement met, the court turns to the three *Zinermon* factors.

First, Plaintiff alleges that Defendants' actions in seizing and selling his property were "intentional, willful, and or (sic) malicious." (Dkt. # 1, Pg. ID 2.) As alleged, this type of behavior is unpredictable — nothing in Plaintiff's allegations suggest that the county would have any reason to believe that its employees would intentionally, willfully, or maliciously disregard the law when seizing and disposing of property. *See Daily Servs.*, 756 F.3d at 908 ("The focus of due process is on what the state can anticipate."); *see also Hudson*, 468 U.S. at 533 (finding state could not have predicted prison officials' intentional destruction of Plaintiff's property). Second, it would be impractical for the county to provide relevant predeprivation process here. The complaint does not allege that the existing statutory procedures governing search warrants or seizure and return of property are insufficient. In fact, the complaint focuses on the failure to follow the existing procedures — and alleges that the individual officers intentionally and willfully circumvented those safeguards.  Additional procedures to protect against the risk of officers "bent upon effecting the substantive deprivation . . . despite any and all predeprivation safeguards" are impractical to provide. *Daily Servs.*, 756 F.3d at 909. Third, Defendants were not authorized to act as alleged. While there are mechanisms by which law enforcement officers may seize and dispose of property,

5

Defendants allegedly acted in contravention of Michigan's detailed statutory rules and requirements. Defendants' actions were indisputably unauthorized. *Id.*

Because the court finds that state law provides adequate postdeprivation remedies and Plaintiff's allegations satisfy the three *Zinermon* factors, Plaintiff's procedural due process claim is barred by the *Parratt* doctrine. *Id.* Plaintiff's remaining counts are grounded in state law, and the court declines to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3). Accordingly,

IT IS ORDERED that Defendants' Motion to Dismiss (Dkt. # 8) is GRANTED. A separate judgment shall issue.

                                                        s/Robert H. Cleland              /
                                                        ROBERT H. CLELAND
                                                        UNITED STATES DISTRICT JUDGE

Dated: December 13, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 13, 2016, by electronic and/or ordinary mail.

                                                        s/Lisa Wagner                /
                                                        Case Manager and Deputy Clerk
                                                        (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\16-13623.ONEIL.grant.motion.dismiss.no.response.TLH.docx